Dear Ms. Moore:
This office is in receipt of your opinion request in which you present the following issues for our review:
(1) Can a justice of the peace require a constable to appear in court to perform appointed duties and/or testify as to service? If so, and the constable refuses, does the justice of the peace have the authority to refuse him payment?
(2) Must a justice of the peace remit half of all court costs to the constable even if the constable does not maintain an office?
(3) Must a justice of the peace have to remit half of these costs in advance or can the constable be paid per service?
(4) Can a justice of the peace turn in a 1099 tax form on a constable?
The duties and powers of court officers such as constables are provided for out in La. C.Cr.P. Article 131 which states:
 Clerks, sheriffs, constables, marshals, stenographers, and other court officers have such powers and perform such duties as are conferred upon them by law.
A constable's main duty is to execute citations, writs, summons and seizures issued by the justice of the peace of his particular district (LSA-R.S. 33:1701-1706), and is considered a peace officer with all the powers of arrest and summoning of any other officer who enforces public tranquility.
Therefore, where the constable is not disqualified and willing to act, he must be employed by the justice of the peace under the jurisdiction of that court to execute all orders, citations, summons, seizures, and writs in civil cases. LSA-R.S. 13:3478.
However, if the constable is disqualified or unwilling or unable to act because of relationship, sickness, or from other causes in civil suits, the justice of the peace may employ the sheriff, the sheriff's deputy or appoint a special deputy constable to execute these items. LSA-R.S. 13:3477.
If the constable at issue will not perform these duties and his nonperformance does not fall within one of the named exceptions, he or she may be charged with malfeasance in office. LSA-R.S.14:134.
Therefore, should the constable refuse to act after a direct order by the justice of the peace, the justice of the peace may appoint a special deputy constable to carry out those duties. Moreover, he may report the constable to the District Attorney's office for possible prosecution under malfeasance pursuant to LSA-R.S. 14:134. The same may apply to required testimony of the constable in a case before the justice of the peace, depending on the particular facts involved.
As to the second part of your first question, we must first clarify that the justice of the peace is not the authority empowered to "pay" constables. That power is mandated to the parish police juries, LSA-R.S. 33:1702, and the state, LSA-R.S.13:2591.
However, pursuant to LSA-R.S. 13:2590(A), the justice of the peace, is authorized to demand and receive certain amounts of fees in specified matters. Subsection (B) of that same statute provides:
 Fifty percent of each fee and deposit shall be retained by the justice of the peace for fees and operational expenses of the office and court and fifty percent of the fees and deposits shall be used for fees and operational expenses of the constable's office.
This mandatory directive requires that the justice of the peace disburse fifty percent of the funds to the constable. No discretion or limitation exists for the justice of the peace in doing so.
The same answer holds true for your second question. The mere fact that a constable does not maintain an office does not limit or deny him or her the obligatory fifty percent in fees pursuant to LSA-R.S. 13:2590.
Your third question asks whether, pursuant to LSA-R.S. 13:2590, a justice of the peace may pay a constable in advance or may this payment be made per service. Your concern lies in the fact that you are obligated to disburse half the court fees to the constable even if that constable presents only one service.
The statute does not provide for such piecemeal disbursement based on the amount or number of services made by the constable. What device the justice uses to disburse the monies under LSA-R.S. 13:2590 are left to his determination. However, whatever the manner, the sum of the disbursements must equal fifty percent of the total fees collected for all filings and services.
Finally, you ask whether a justice of the peace may file a 1099 tax form on a constable. It is our understanding that this form may only be filed by an employer for an employee.
Constables and justices of the peace are separate elected public officials. See LSA-R.S. 13:2583 and 13:2582, respectfully. Neither has employment power over the other. Therefore, a justice of the peace cannot properly file a 1099 tax form on a constable of his or her ward.
I trust this answers your questions. Please contact this office should you require further assistance.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: _________________________________________
 CARLOS M. FINALET, III Assistant Attorney General
RPI/CMF:tfd
Date Received:
Date Released:
Carlos M. Finalet, III Assistant Attorney General